CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

July 15, 2026

LAURA A. AUSTIN, CLERK
BY:s/ KELLY BROWN
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal Action No. 1:25-cr-00042** |
| **v.** | ) | |
| | ) | |
| **WILLIAM MATTHIAS MILLS,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court are the following *pro se* pretrial motions filed by Defendant William Matthias Mills:

1. Motion to Exclude Evidence, Motion to be Dismissed as a Defendant as to Count 9 of the Indictment (Dkt. 166)

2. Motion asking for recorded jail communications (Dkt. 170)

3. Motion for the Court to order the Government to produce personnel records for the following officers: Harvel, Day, Storie, Hill, Dillman and Temm (Dkt. 179)

4. Motion asking the Court for an in camera review of exhibits (Dkt. 180)

5. Motion to Exclude the use of Justin Dean's Statement and Testimony (Dkt. 181)

6. Motion for the Court to order Verizon Security Subpoena Compliance (Dkt. 182)

7. Motion to request that the Court order TFO Larry Mullins to provide information (Dkt. 183)

8. Motion to Exclude Misty Davis's statement and testimony from trial (Dkt. 184)

9. Motion for Discovery (Dkt. 191)

10. Motion to Compel additional discovery (Dkt. 192)

11. Motion to Exclude the use of Brandon Howell's testimony against defendant at trial (Dkt. 197)

12. Motion for Disclosure of carrier information for April Swindle's phone and Motion for the Court to send a preservation letter to the phone carrier (Dkt. 198)

13. Motion for the Court to order the government to give an explanation of the Wise County Sheriff's Office chain of custody (Dkt. 199)

14. Motion for a Court Order for META to Produce to the defendant all messenger FaceBook messages for the dates 8/6/2024 - 4/30/2025 as set forth in the motion and to produce the location data for the accounts for the same times (Dkt. 200)

15. Motion for the Court to Order AT & T to provide the defendant on a thumb drive all historical CSLI texts, SMS, or any data it has stored for William Mathias Mills (Dkt. 201)

16. Motion for the Court to order Apple, Inc. to produce to the defendant all location data, texts, I-Messages, SMS, phone call logs or any other E.S.I. belonging to the account as set forth in the motion, ranging from 11/1/2024-3/18/2025 (Dkt. 202)

17. Motion for the Court to order Smart Communications to produce the defendant all phone calls made to the phone number listed in the motion from the Southwest Virginia Regional Jail - Abingdon by the account 10410463, specifically a call made on 10/24/2025 or in the alternative for the Court to order the Southwest Virginia Regional Jail - Abingdon to produce this request (Dkt. 203)

18. Letter Requesting Opinion on Issues (Dkt. 222)[1]

19. Motion for Court to Order his attorney, Patrick Kenny, to seek Evidence and Motion for Court to Order his attorney, Patrick Kenny to Subpoena Phone Records and Location History from Google (Dkt. 224)[2]

---

[1] Mills asks the Court to issue opinions on various motions, which I address in this Opinion. These include: (1) Motion seeking to have indictment dismissed for Lena Busscher forging Robert N. Tracci's name on the indictment, (2) Motion seeking to have indictment dismissed for Lena Busscher attempting to fabricate witness testimony, (3) Motion seeking to have count 8 dismissed for evidence fabrication by TFO Larry Mullins, (4) Motion seeking to have count 9 dismissed, (5) Motion seeking to have all evidence excluded that was obtained by CI's working under contract with state agencies who were/are in violation of VA § 9.1-102-73, and (6) Motion seeking to have indictment dismissed because of the court's infringement on his constitutional right to seek and present evidence in his favor.

[2] Mills is represented by appointed counsel, and a criminal defendant has no constitutional right to hybrid representation. *See United States v. White*, No. CRIMA7:08CR00054, 2010 WL 1462180, at *1 (W.D. Va. Apr. 12, 2010); *United States v. Miller*, 54 F.4th 219, 226–27 (4th Cir. 2022). I previously directed Mills to present motions through counsel, but numerous *pro se* motions remain pending on the Court's docket. Current counsel has not withdrawn any of these motions or identified which, if any, counsel intends to pursue. In the interest of efficient case management and to clarify the issues remaining before trial, I address the pending motions on

2

20. Motion for Discovery (Dkt. 226)

## I.    Facts

Mills is charged in four counts of a thirteen-count indictment for offenses related to a conspiracy to possess and distribute methamphetamine. Dkt. 3. On October 13, 2025, Mills's first court-appointed attorney filed a motion to withdraw. Dkt. 84. The motion was granted, and a new attorney was appointed. *See* Dkts. 85, 96. This attorney likewise moved to withdraw on March 2, 2026. Dkt. 167. At that time, Mills expressed his intent to represent himself and requested the Court appoint elbow counsel on March 4, 2026. Dkt. 169. At a hearing held on March 9, 2026, the motion to withdraw was granted. Dkt. 174. The Court appointed new counsel, Dkt. 175, and instructed Mills that any motions shall be filed through his counsel. However, Mills has continued to submit various pretrial filings *pro se*, and on June 29, 2026, his third-appointed counsel moved to withdraw, Dkt. 223.

## II.    Discussion

I construe Mills's *pro se* filings liberally and address the motions according to the nature of the relief sought.

### A.  Motions to Dismiss Indictment

Dismissal of an indictment is an extraordinary remedy appropriate only where prosecutorial misconduct prejudiced the defendant in a manner that substantially influenced the grand jury or otherwise rendered the proceedings fundamentally unfair. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254–57 (1988); *United States v. Derrick*, 163 F.3d 799, 807–08 (4th

---

their merits to the extent necessary to resolve them. Nothing in this Opinion should be construed as recognizing a right to hybrid representation or as inviting future *pro se* filings while Mills remains represented by counsel.

Cir. 1998) (collecting cases). A district court may not dismiss an otherwise valid indictment merely because a defendant disputes the credibility of a government witness or contends that portions of the government's anticipated evidence are false. *United States v. McDonald*, 61 F.3d 248, 252 (4th Cir. 1995) ("We will not hear a challenge to the reliability or competence of the evidence presented to the grand jury, and the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." (citation modified)), *overruled on other grounds by United States v. Wilson*, 205 F.3d 720 (4th Cir. 2000); *Bank of Nova Scotia*, 487 U.S. at 261 (citations omitted).

*First*, Mills argues that Count 9 should be dismissed because the Government failed to inform the grand jury that a confidential informant consumed methamphetamine during the February 27, 2025, controlled purchase underlying that count. Dkts. 166, 222. Even accepting Mills's factual allegations as true, I find that this omission is insufficient to constitute prosecutorial misconduct, much less misconduct resulting in the type of prejudice necessary to justify dismissal of an indictment. At most, Mills identifies information bearing on the informant's credibility and the weight of the Government's evidence. Such matters are appropriately explored through cross-examination and other trial procedures, not through dismissal of an otherwise valid indictment. Moreover, Mills has not demonstrated a reasonable probability that the grand jury would not have indicted him on Count 9 if the prosecutor had presented it with information about the informant's conduct.

*Second*, Mills argues that Count 8 should be dismissed because a law enforcement officer allegedly incorporated fabricated text messages into his investigative report. Dkts. 222, 226. In response to Mills's discovery request, however, the Government represented that the text messages identified by Mills were inadvertently produced and will not be offered against him at

4

trial. On the present record, I cannot conclude that Mills has established prosecutorial misconduct or intentional fabrication of evidence warranting dismissal of the indictment. To the extent Mills disputes the accuracy of the investigative report or contends that portions of it are inconsistent with the Government's evidence, those issues concern the admissibility, weight, or credibility of the evidence. Mills has not shown that dismissal is the appropriate remedy.

*Third*, Mills moves to dismiss the indictment on the ground that the Assistant U.S. Attorney allegedly forged the Acting U.S. Attorney's signature on the indictment. Dkt. 222. Mills offers no factual basis for this allegation beyond his conclusory assertion that the signature was forged, and he has not shown that the indictment was improperly returned by the grand jury or that any alleged irregularity in the signature prejudiced his substantial rights. Mills further asserts, in similarly conclusory fashion, that the Assistant U.S. Attorney fabricated witness testimony. *Id.* He identifies no evidence supporting that allegation, nor does he explain how any alleged fabrication prejudiced the grand jury proceedings or otherwise warrants dismissing the indictment.

*Fourth*, Mills seeks dismissal of the indictment on the grounds that the Court and his appointed counsel have infringed his constitutional right to obtain and present evidence in his defense by failing to pursue or rule on his various requests for evidence. The Court has not excluded any evidence Mills seeks to present, and, as discussed throughout this Opinion, many of Mills's requests either lack the specificity required under the applicable rules or seek relief beyond that authorized by those rules. Mills has not demonstrated that he has been deprived of his constitutional right to present a defense or that dismissal of the indictment would be an appropriate remedy.

Accordingly, these requests are **DENIED**.

5

### B. Motions to Exclude Evidence

Evidence may be subject to suppression when it is discovered through a constitutional violation for which exclusion is authorized. *See United States v. Gaines*, 668 F.3d 170, 173 (4th Cir. 2012); *United States v. Calandra*, 414 U.S. 338, 347–38 (1974). The burden is on the party who seeks to suppress the evidence to establish that the search or seizure violated his Fourth Amendment rights. *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981).

### 1.    Evidence Illegally Obtained

*First*, Mills seeks to exclude evidence relating to the February 27, 2025, controlled purchase in which a confidential informant allegedly consumed methamphetamine during the operation. Dkt. 166. Mills argues that law enforcement's conduct during the investigation requires exclusion of evidence obtained from that transaction. He also contends the officers' conduct violated Va. Code § 9.1-102 and that any evidence obtained as a result is therefore inadmissible. Even accepting Mills's factual allegations as true, he has not identified a constitutional, statutory, or evidentiary rule requiring suppression or exclusion of the evidence. Alleged investigative misconduct, standing alone, does not automatically render otherwise relevant evidence inadmissible. Rather, the alleged conduct bears on the weight or credibility of the Government's evidence and may be explored through cross-examination and other appropriate means at trial.

*Second*, Mills requests that the Court conduct an *in camera* review of four identified exhibits, asserting that they do not contain conversations furthering a conspiracy, and specifically seeks exclusion of one exhibit relating to the April 3, 2025, controlled purchase where the confidential information allegedly consumed and provided methamphetamine. Dkt. 180. To the extent Mills asks the Court to determine before trial whether particular exhibits establish the

charged conspiracy or otherwise satisfy the Government's burden of proof, such arguments concern the sufficiency and weight of the Government's evidence rather than its admissibility. Any objections to the admissibility of specific exhibits may be raised if and when the Government offers them at trial or through a properly supported motion in limine filed in accordance with the Court's pretrial order.

These requests are therefore **DENIED**.

### 2.    Statements by Witnesses

Mills seeks to exclude the anticipated testimony and prior statements of several cooperating codefendants. He argues that Justin Dean's statement of facts is inconsistent with an earlier interview and was therefore fabricated (Dkts. 181, 222), that Misty Davis's statements were coerced by law enforcement during an interview (Dkt. 184), and that Brandon Howell falsely stated that Mills supplied him with narcotics during a period when Mills was incarcerated (Dkt. 197).

These arguments do not provide a basis for pretrial exclusion. Mills's allegations principally challenge the credibility, reliability, and weight of the anticipated testimony rather than its admissibility. Alleged inconsistencies between a witness's prior statements, claims that a witness was motivated to cooperate in hopes of receiving favorable treatment, or assertions that a witness's account is demonstrably false are matters appropriately addressed through cross-examination, impeachment, presentation of contrary evidence, and argument to the jury. I decline to resolve such factual disputes or make credibility determinations in ruling on a pretrial motion to exclude evidence. Accordingly, these requests are **DENIED**.

### C.  Motions Seeking Orders Directing Third Parties to Produce Records

Although Mills styles these filings as motions requesting the Court to order various third parties to produce records, the substance of the requested relief is issuance of subpoenas for documentary evidence before trial. Accordingly, I construe these filings as requests for subpoenas duces tecum under Rule 17(c) of the Federal Rules of Criminal Procedure.

Issuance of a subpoenas duces tecum is governed by Rule 17(c), which provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). A subpoena duces tecum does not function as a discovery device but effectuates the Sixth Amendment right for an accused to have compulsory process to obtain evidence in his favor. *United States v. Caro*, 597 F.3d 608, 620–21 (4th Cir. 2010); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

To justify issuance of a subpoena, the moving party must show that the requested material is (1) relevant (2) admissible and (3) specific. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Specifically, the movant must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699–700. Rule 17(c) does not authorize broad requests for information in the hope that useful impeachment or exculpatory evidence may be uncovered. *See Caro*, 597 F.3d at 620; *United States v. Indivior Inc.*, No. 1:19CR00016, 2020 WL 616167, at *3 (W.D. Va. Feb. 10, 2020) ("Rule 17(c) is 'designed to ensure that the use of trial subpoenas is limited to securing the

presence at trial of particular documents or sharply defined categories of documents.'" (quoting *United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993)).

### 1. Requests for Mills's Own Electronic Data

Mills seeks broad categories of electronic data associated with his own accounts and devices, including CSLI, text messages, phone calls, emails, and other electronically stored information maintained by Google, Meta, Apple, Straight Talk, and AT&T over periods ranging from several months to nearly a year. *See* Dkts. 170, 201, 224, 226. Although Mills generally asserts that these materials will establish his whereabouts during the charged conspiracy and contradict anticipated Government testimony, the requests seek sweeping categories of electronically stored information rather than specifically identified documents. Rule 17(c) does not authorize such broad discovery requests in hopes that they may contain useful evidence. *See Crosland*, 821 F. Supp. at 1129 ("Because a criminal trial subpoena is designed as a means of providing compulsory process for obtaining specific, identifiable documents, there is no unfairness in requiring the party issuing such a subpoena to detail, with substantial specificity, precisely what documents it seeks and why, if it is not readily apparent, those documents would be relevant and admissible at trial."); *United States v. Ging-Hwang Tsoa*, No. 1:13CR137 JCC, 2013 WL 5837631, at *2 (E.D. Va. Oct. 29, 2013). Mills has not demonstrated with sufficient specificity what particular records are sought or why those records are relevant and discoverable, and his requests are **DENIED**.

### 2. Requests for Communications with Informants and Government Witnesses

Mills also seeks communications and location information involving various confidential informants and Government witnesses. *See* Dkts. 170, 200, 224, Although these requests identify specific individuals, most seek all communications or electronic records exchanged over

extended periods of time for the purpose of rebutting anticipated testimony or "keep[ing] [witnesses] honest." Dkts. 170, 203. Such generalized impeachment objectives do not satisfy Rule 17(c)'s requirement that the requested materials be specifically identified and shown to be evidentiary and relevant.

One request is more narrowly tailored, seeking text messages and CSLI associated with the confidential informant involved in the December 18, 2024, controlled purchase for the period December 15 through December 19, 2024. Dkt. 170. Although this request identifies a limited timeframe, Mills has not shown with sufficient specificity that the requested records contain admissible evidence material to a specific issue at trial, rather than information that may be useful for general impeachment or investigation.

These requests are therefore **DENIED**.

### 3.  Requests for Third-Party Records Relating to Codefendants

Mills seeks CSLI, electronic communications, and other account data associated with codefendant April Swindle's cellular telephone accounts. Dkts. 182, 202, 224. Mills asserts that these materials, together with his own location information, will demonstrate that he did not participate in the charged conspiracy. These requests likewise fail to satisfy Rule 17(c). Mills has not identified particular records expected to contain admissible evidence or explained why broad collections of another individual's electronic data over several months are necessary for trial, and his requests are **DENIED**.

### 4.  Jail Records

*First*, Mills asks his attorney to obtain jail records reflecting his incarceration from January through August 2024 to rebut anticipated testimony that he supplied narcotics during that period. Dkt. 224. Unlike many of Mills's other requests, this request identifies specific

10

records maintained by an identifiable custodian that appear relevant to a specific factual dispute likely to arise at trial. I construe this request as a motion for issuance of a subpoena duces tecum and **GRANT** the request to the extent it seeks issuance of a subpoena directing the appropriate custodial authority to produce records reflecting the time in which Mills was housed at the SWVRJA Duffield Facility from January through August 2024. The records are evidentiary and relevant, are in the possession of third parties and not otherwise procurable, provide Mills with a potential alibi integral to his defense, and pertain to a specific source during a confined timeframe. Counsel for Mills is therefore directed to prepare a subpoena and provide it to the Clerk of this Court.

*Second*, Mills asks his attorney to obtain a call Mills allegedly made on May 11, 2026, during which a potential witness stated she never saw Mills with a gun. Dkt. 224. Although directed to counsel, I likewise construe this request as a motion for issuance of a subpoena duces tecum. Because Mills has identified a specific recording by date and subject matter and the recording may contain potentially exculpatory evidence, the motion is **GRANTED**. Counsel for Mills shall prepare a subpoena to the appropriate custodial authority and provide it to the Clerk of this Court.

*Third*, Mills seeks recordings of every telephone or video call between himself and a confidential informant, including a call made on October 24, 2025. Dkts. 203, 224. To the extent Mills seeks every communication between himself and this informant, the request is overbroad and insufficiently particular under Rule 17(c). The request for a recording of a specific identified call is substantially narrower. Even so, Mills has not shown that the recording contains specific admissible evidence necessary for trial as opposed to potential impeachment material.

11

Accordingly, these requests are **DENIED** without prejudice to renewal upon a more particularized showing.

### D.  Motions Seeking Discovery from the Government

Mills has filed numerous motions requesting that the Government produce additional information and discovery. To the extent Mills identifies discrete categories of materials potentially discoverable under Rule 16, *Brady*, *Giglio*, *Jencks*, or other applicable obligations, the Government is directed to respond as to whether these materials exist and are within its possession, custody, or control. However, many of Mills's requests seek broad investigative files or categories of information that exceed the Government's discovery obligations or are insufficiently particular. "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files," *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987), nor does the right to exculpatory information require the prosecution to deliver its entire file to the defendant, *United States v. Agurs*, 427 U.S. 97, 109 (1976). These requests will thus be denied.

### 1.  Investigative Files, Personnel Records, and Law Enforcement Files

Mills requests broad categories of investigative materials, including complete investigative files, personnel records, confidential informant files, agency policies, debriefing materials, and records concerning law enforcement contacts with a codefendant. *See* Dkts. 170, 179, 192, 222, 224, 226. Although Mills generally asserts these materials may support an entrapment defense or demonstrate investigative misconduct, he has not identified particular documents or explained why the requested materials fall within the Government's discovery obligations. Rule 16 does not provide a defendant unrestricted access to the Government's investigative files, nor does *Brady* require the Government to disclose entire investigative or

12

personnel files absent a showing that they contain material exculpatory or impeachment evidence. Because these requests seek broad categories of information rather than identifiable discoverable materials, they are **DENIED**.

### 2. Confidential Informant and Witness Communications

Mills requests data and metadata associated with communications between himself and the confidential informant involved in the December 18, 2024, controlled purchase during the period December 15 through December 19, 2024, together with identification of the telephone numbers used in those communications. *See* Dkt. 170, 192, 224. These requests identify sufficiently discrete categories of potentially discoverable information that may exist within the Government's possession, custody, or control. As such, they are **TAKEN UNDER ADVISEMENT**, and the Government shall state whether responsive materials exist; whether they are within its possession; whether they have been produced; and, if not, whether the Government contends they are discoverable.

### 3. CSLI and Carrier Information

Mills requests CSLI associated with codefendant April Swindle's telephone numbers and asks the Government to identify the applicable wireless carrier so he may seek additional records. Dkts. 182, 198, 226. The motion is **TAKEN UNDER ADVISEMENT**, and to the extent the Government possesses responsive CSLI or carrier identification information, it shall state whether such information exists, whether it has been produced, and whether it contends the requested material is discoverable.

### 4. Chain-of-Custody Information

Mills requests information concerning the Wise County Sheriff's Office's handling and laboratory analysis of the substance recovered during the December 18, 2024, controlled

purchase, asserting an apparent discrepancy in the chain-of-custody documentation. Dkt. 199. To the extent Mills seeks existing reports, chain-of-custody documentation, or other records concerning the collection, transfer, and testing of that evidence, the motion is **TAKEN UNDER ADVISEMENT**, and the Government shall state whether such materials exist, whether they have been produced, and whether it contends further production is required.

### 5.  Discovery Governed by *Brady/Giglio*

Mills asserts that discovery previously provided by former counsel was incomplete and requests that the Government reproduce all discovery, including *Brady* and *Giglio* material and information relating to confidential informants. *See* Dkt. 191. The Government is reminded that it remains subject to continuing obligations under *Brady*, *Giglio*, and Rule 16. To the extent Mills seeks production beyond those existing obligations, the request is **DENIED** absent a request of sufficient particularity of the material sought.

### 6.  Remaining Requests

*First*, Mills asks the Government to identify the exact date and time a confidential informant agreed to cooperate. Dkts. 183, 222. Mills has not explained why the precise date and time is material to any issue before the Court or why such information falls within the Government's discovery obligations.

*Second*, Mills asks the Court to conduct an *in camera* review of all sealed documents related to the investigation of this case, including documents regarding confidential informants, as he seeks evidence that will support an entrapment defense. Dkt. 170. Mills identifies no legal basis requiring the Court to conduct a wholesale review of all sealed filings in search of potentially helpful information concerning confidential informants.

14

*Third*, Mills requests a bill of particulars requiring the Government to tie its allegations to specific events. Dkt. 170. A bill of particulars is intended to inform the defendant of the nature of the charges with sufficient precision to permit preparation of a defense, avoid unfair surprise, and protect against double jeopardy.  *United States v. Schembari*, 484 F.2d 931, 934–35 (4th Cir. 1973) (citations omitted). It is not a vehicle for obtaining a "detailed disclosure" of the Government's evidence or legal theories. *United States v. Automated Med. Lab'ys, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted). Here, the indictment adequately apprises Mills of the charges against him, as demonstrated by the numerous motions Mills has filed.

Thus, these requests are **DENIED**.

## III.    Conclusion

For the foregoing reasons, Dkt. 199 is **TAKEN UNDER ADVISEMENT**; Dkts. 170, 182, 192, 198, and 226 are **DENIED in part** and **TAKEN UNDER ADVISEMENT in part**; and Dkts. 166, 179–81, 183–84, 191, 197, 200–03, 222, and 224 are **DENIED**, except as to the request for records reflecting the time Defendant was housed at the SWVRJA Duffield Facility, and the request for the call made by Defendant on May 11, 2026. Counsel for Defendant is directed to prepare subpoenas for such information in accordance with this Opinion.

An appropriate Order accompanies this Memorandum Opinion.


Entered:  July 15, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

15